Filed 1/5/26  In re E.K. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re E.K., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D086664 |
| Plaintiff and Respondent, | (Super. Ct. No. J521570) |
| v. | |
| B.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniela Reali-Ferrari, Judge.  Affirmed.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

David J. Smith, Acting County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Natasha C. Edwards, Deputy County Counsel, for Plaintiff and Respondent.

B.S. (Mother) appeals from the juvenile court's jurisdictional findings adjudicating E.K. (Child), a dependent of the court under Welfare and Institutions Code section 300, subdivision (b)(1).[1] Mother asserts substantial evidence does not support the court's jurisdictional findings. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2025, Mother went into preterm labor at 29 weeks—medical providers attributed her early labor to likely cocaine consumption. Mother and Child were transported to the hospital, where Mother tested positive for marijuana and cocaine and Child was admitted to the neonatal intensive care unit for respiratory failure. Mother asserted sexual contact with Father caused her early labor and positive cocaine drug test. Medical providers rejected the possibility that Mother tested positive for cocaine as a result of unprotected sexual contact. Mother admitted consuming marijuana products, including those containing THC,[2] while pregnant, but stated she had been "sober from any drugs or alcohol since June of 2024." Because Child was born at home, medical providers did not collect and test an appropriate sample for cocaine exposure, but he tested positive for marijuana exposure at the hospital.

Although she also tested positive for cocaine use approximately six months before Child's birth, Mother repeatedly denied ever consuming cocaine. She initially offered to take a hair follicle test but declined to do so

---

[1]     Undesignated statutory references are to the Welfare and Institutions code.

[2]     THC, tetrahydrocannabinol, is the principal psychoactive constituent of cannabis.

when provided with the opportunity.  For his part, T.K. (Father),[3] admitted monthly cocaine use, including in the days before Child's birth.  Both parents denied having issues with drug or alcohol dependency.  However, Mother admitted herself to outpatient substance use services in September 2024; she was discharged for failing to participate.

Child remained in the neonatal intensive care unit for approximately eight weeks.  During that time, both parents declined voluntary services.

On March 6, the San Diego Health and Human Services Agency (Agency) filed a petition on Child's behalf under section 300, subdivision (b)(1).  The petition alleged that the parents were unable to care for Child due to their substance abuse.

At the detention hearing on March 10, the court appointed counsel for the parents and Child, found Father to be a presumed parent, made a prima facie finding on the petition, and ordered placement with the parents.  Mother expressed that she did not understand what precipitated the Agency's involvement with the family.  A social worker observed that the parents "lack insight into how the child tested positive for substances at birth."  Mother completed an outpatient program and tested negative for substances until June, when Mother failed two drug tests and tested positive for marijuana while breastfeeding Child.

At the subsequent contested trial on jurisdiction, Mother offered stipulated testimony that she used a marijuana product in her vape pen for "back pain," asserting she mistakenly used a THC vape.  The parents requested the court dismiss the petition and allow them to engage in voluntary supervision.  Rejecting voluntary supervision, the court observed

---

[3]  Father is not party to this appeal.  We therefore focus our discussion on the facts relevant to Mother's appeal.

that both parents missed drug tests, that Father was only newly sober and that Mother had recently again exposed Child to marijuana by nursing him. Accordingly, the court determined both parents made minimal progress on the causes necessitating placement. Consequently, the court found the allegations true, sustained the petition and declared Child a dependent.

## DISCUSSION

We review the juvenile court's jurisdictional order for substantial evidence. (*In re I.J.* (2013) 56 Cal.4th 766, 773 (*In re I.J.*).) The burden of proof for jurisdictional findings is preponderance of the evidence. (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 249.) When applying the substantial evidence standard of review, we make all reasonable inferences from the evidence to uphold the dependency court's findings and orders. (*In re I.J.*, at p. 773.) We review the record in the light most favorable to the court's decision and recognize the court is responsible for determining issues of fact and credibility. (*Ibid.*) Accordingly, we do not reassess the evidence or make independent judgments; we assess whether the facts are sufficient to support the juvenile court's findings. (*Ibid.*)

To establish jurisdiction under section 300, subdivision (b)(1), the Agency must show: "(1) the parent's . . . neglectful conduct or failure or inability to protect the child; (2) causation; and (3) serious physical harm or illness or a substantial risk of serious physical harm or illness." (*In re Cole L.* (2021) 70 Cal.App.5th 591, 601.) A court "need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child." (*Id.* at p. 602.) A parent's past behavior can be relevant to current circumstances if there is reason to believe that the behavior will continue. (*Ibid.*) To establish a clear risk of harm at the time of the hearing,

4

there must be more than mere speculation that the behavior will happen again.  (*Ibid.*)

The petition alleged a substantial risk existed that Child will suffer serious physical harm based on the parents' substance abuse.  (§ 300, subd. (b)(1).)  Mother claims insufficient evidence supports the jurisdictional finding because the Agency did not prove that she and Father used substances *to excess* and because she would not again confuse derivatives of marijuana.  In sum, she argues that Child was not at substantial risk of suffering serious physical injury and therefore should not be a dependent of the court.

The record belies her claims.  Mother has not provided a reasonable explanation for how cocaine and marijuana were present in her system during Child's birth.  In fact, she averred she had not consumed marijuana after discovering she was pregnant and had never consumed cocaine.  Contrary to those assertions, she had also tested positive for cocaine in the months preceding Child's birth and admitted using marijuana products— including "THC rollers"—while pregnant.  While engaging in services, Mother again tested positive after ingesting THC products.  Nevertheless, she now contends she will not mix up THC products and non-THC products for a third time.

Although Mother signaled her willingness to comply with the Agency and the court, she exposed Child to the psychoactive component of marijuana through breast milk.  It is not clear on the record before us to what extent Child consumed contaminated breast milk, so it is not immediately clear if Child has suffered actual injury from Mother's substance use.  But the court need not wait for the risk of harm to ripen into actual injury before asserting jurisdiction.  (*In re I.J., supra*, 56 Cal.4th at p. 773.)  Indeed, Mother's

persistent denial of any substance use gave the juvenile court adequate grounds to believe that a substantial risk existed that she would be unable to protect Child from her consumption of substances. (See *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["One cannot correct a problem one fails to acknowledge."]; *In re Esmeralda B.* (1992) 11 Cal.App.4th 1036, 1044 ["denial is a factor often relevant to determining whether persons are likely to modify their behavior in the future without court supervision"].) Mother's positive drug tests, Child's exposure to contaminated breast milk and Mother's implausible explanations regarding her substance use justify the court's exercise of jurisdiction. The record supports the juvenile court's preponderance of the evidence finding that Child remained at risk of physical harm and in need of juvenile court intervention.

## DISPOSITION

We affirm the court's jurisdictional finding.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

6